J-S01043-21

2021 PA Super 24

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
JODIE S. HUDSON-GREENLY :
:
Appellant : No. 403 MDA 2020

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003109-2018

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:          **FILED: FEBRUARY 22, 2021**

Appellant Jodie S. Hudson-Greenly appeals from the Judgment of

Sentence of an aggregate term of two (2) years to four (4) years in prison

entered in the Court of Common Pleas of Lancaster County on September 23,

2019, following a jury trial on charges that stemmed from the abuse of a minor

child.  We affirm.

The trial court set forth the relevant facts and procedural history herein

as follows:

On July 12, 2019, [Appellant] was found guilty of the above-
referenced charges following a five (5) day jury trial.[1] The
convictions arose from allegations that [Appellant] and her Co-
Defendant, Kenneth Greenly III, subjected the minor victim, who
was eleven (11) years of age, to abuse over the course of a

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant was convicted of one count each of Endangering the Welfare of
Children, 18 Pa.C.S.A. § 4304(a)(1); Criminal Conspiracy, 18 Pa.C.S.A. § 903;
and Simple Assault, 18 Pa.C.S.A. § 2701(a)(1).

weekend, which included hitting her repeatedly with a belt on various parts of her body causing extensive bruising on her entire back, buttocks and thighs, forcing her to stand with her back against a wall with her knees bent at a ninety-degree (90°) angle for extended periods of time with a pot placed underneath of her in case she needed to urinate, taking her outside and pouring water over her head and prohibiting her from eating or sleeping. Prior to trial, the Commonwealth sought permission to admit certain prior statements of the minor victim describing the offenses pursuant to the Tender Years exception and for the minor victim to testify by contemporaneous alternative method. A hearing was held on April 29, 2019 at which time several witnesses testified and the child was observed and questioned outside the courtroom by the undersigned Judge. Based on the evidence presented, the undersigned Judge determined that the prior statements of the minor victim describing the offenses, were relevant and that the time, content and circumstances of the statements provide sufficient indicia of reliability. It was further found that the minor victim would suffer serious emotional distress that would substantially impair the child's ability to reasonably communicate. An Order was entered on April 30, 2019 granting in part the motion to permit certain prior statements pursuant to the Tender Years exception and permitting the minor victim to testify by contemporaneous method.

[Appellant] was sentenced on September 23, 2019 to an aggregate term of incarceration of two (2) to five (5) years. She filed a post-sentence motion on October 3, 2019, which was denied by Order dated January 28, 2020. Her notice of appeal was filed on February 27, 20[20]. [Appellant's] claims include challenges to the April 30, 2019 Order granting the Tender Years exception and permitting the minor victim to testify by contemporaneous alternative method.

Trial Court Opinion, filed 4/28/20, at 2-3.

In its Order entered on March 2, 2020, the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed the same on March 19, 2020, and the Commonwealth filed an answer thereto on April 13, 2020. The trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on June 3, 2020.

- 2 -

In her brief, Appellant presents the following issue for our review:

WHETHER THE HONORABLE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST SENTENCE MOTION REQUESTING A NEW TRIAL BY ALLOWING THE MINOR VICTIM TO TESTIFY BY CONTEMPORANEOUS ALTERNATIVE METHOD AT TRIAL?

Brief for Appellant at 6.[2]

_____

[2] Counsel for Appellant indicated in the appellate brief that while Appellant had presented three issues in her Concise Statement of the Errors Complained of on Appeal, the others are "waived" as counsel has determined they lack merit.  Brief for Appellant at 7.  Counsel did not develop two of the claims presented in her concise statement in his appellate brief.  It is well-established that:

[a]n appellate brief must provide citations to the record and to any relevant supporting authority. This Court will not become the counsel for an appellant, and will not, therefore, consider issues ... which are not fully developed in [the] brief. Failing to provide factual background and citation to the record represent serious deviations from the briefing requirements of [Pa.R.A.P. 2119(c) (requiring "reference to the place in the record where the matter referred to appears"). ] An issue that is not properly briefed in this manner is considered waived, as such an omission impedes our ability to address the issue on appeal.

***Commonwealth v. Einhorn***, 911 A.2d 960, 970 (Pa.Super. 2006) (citations and quotation marks omitted, bracketed material added), ***appeal denied***, 920 A.2d 831 (Pa. 2007);  ***see also Commonwealth v. Ellis***, 700 A.2d 948, 957 960, 969 (Pa.Super. 1997) (finding issue waived where appellant fails to develop claim or cite to legal authority in appellate brief), ***appeal denied***, 727 A.2d 127 (Pa. 1998); ***Commonwealth v. Brown***, 161 A.3d 960, 969 (Pa.Super. 2017), ***appeal denied***, 176 A.3d 850 (Pa. 2017). Thus, we agree that Appellant's claims raised in her concise statement but not developed in her appellate brief have been waived.

This Court's standard of review of the trial court's decisions regarding the admission of evidence at trial is as follows: "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." **Commonwealth v. Ballard**, 622 Pa. 177, 197-98, 80 A.3d 380, 392 (2013), *cert. denied*, 573 U.S. 940, 134 S.Ct. 2842, 189 L.Ed.2d 824 (2014).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Commonwealth v. Goldman**, 70 A.3d 874, 878-79 (Pa.Super. 2013), *appeal denied*, 624 Pa. 672, 85 A.3d 482 (2014). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa.Super. 2012), *appeal denied*, 619 Pa. 678, 62 A.3d 379 (2013).

Section 5985 of the Judicial Code governs testimony by a contemporaneous alternative method:

> **(a) Contemporaneous alternative method.—**Subject to subsection (a.1), in any prosecution or adjudication involving a child victim [ ], the court may order that the testimony of the child victim [ ] be taken under oath or affirmation in a room other than

the courtroom and transmitted by a contemporaneous alternative method. Only the attorneys for the defendant and for the Commonwealth, the court reporter, the judge, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the child victim [ ], including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his testimony. The court shall permit the defendant to observe and hear the testimony of the child victim [ ] but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective defense. Examination and cross-examination of the child victim [ ] shall proceed in the same manner as normally permitted.

**(a.1) Determination.—**Before the court orders the child victim [ ] to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim [ ] suffering serious emotional distress that would substantially impair the child victim's [ ] ability to reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child victim [ ], either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim [ ] in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985(a), (a.1).

It is noteworthy that "[f]ew published decisions address § 5985, and those that do have not announced a standard for reviewing the trial court's decision. In [**Commonwealth v. Torres–Kuilan**, 156 A.3d 1229, 1231-32 (Pa.Super. 2017)], this Court employed the principles of statutory construction to determine whether the Commonwealth's proffer complied with § 5985's terms." **Commonwealth v. Tyrrell**, 177 A.3d 947, 952 (Pa.Super. 2018) (citation omitted).

Appellant posits the Commonwealth failed to establish that the victim would have suffered severe emotional distress or an inability to communicate were she required to testify in the presence of Appellant.[3] Appellant reasons that the testimony of Appellant's adoptive mother, J.W.,[4] did not defeat Appellant's constitutional right to confront her witnesses in a criminal proceeding. Appellant stresses J.W. admitted the victim had not been under the care of a psychiatrist or other medical provider, was not having difficulty sleeping or eating, was happy at home and at school and "did not take any medication as a result of this incident OR perhaps most importantly, having to do with the prospect of testifying." Brief for Appellant at 10-11 (emphasis in original).

Appellant also states J.W. agreed the victim knew her greatest fear of being returned to the custody of Appellant and her biological father would not be realized because she had been adopted by J.W. and had been working with a psychologist to help her relax. *Id*. at 11-12, 14. Appellant concludes that no testimony was presented from any medical experts or counselors pertaining to any lingering injuries which would have prevented the victim

_____

[3] The victim testified by way of closed-circuit camera. An adult individual, the Victim Witness Advocate, remained sitting with the victim, and was the only other individual in the room with her while she testified during trial. N.T. Trial, 7/9/19, at 164.

[4] To protect the minor victim's identity, we use her adoptive mother's initials.

from testifying in the same courtroom with Appellant during the trial which occurred three months after the in camera testimony. *Id*. at 13-14.

Following our review of the entire record, we find Appellant's arguments lack merit. Essentially, Appellant asks this Court to view testimony presented to the trial court out of context and consider it in isolation as well as disregard the trial court's observations made on the record. As the trial court has stated:

> In the instant matter, the Commonwealth presented the testimony of [J.W.] who, as mentioned above, is the adoptive mother of the child victim. [J.W.] testified that her family stopped going to many community events in a certain area after the child victim came to live with them because the child victim has expressed a fear of encountering [Appellant] and her co-defendant. [J.W.] testified that she was with the child victim at a community event in 2018 where the child saw [Appellant] in this matter and that upon seeing her, the child victim became pale, sweaty and started to shake. According to [J.W.], it took some time for the child victim to physically calm down after seeing [Appellant] and she continued to act in a reserved manner and repeatedly look over her shoulder while at the event. [J.W.] also testified that despite the child victim never having testified in a courtroom where [Appellant] and/or the co-defendant were physically present, that her grades have suffered, she has lost sleep and has displayed nervous behavior in the past when she knew a day was approaching where she would need to testify. When the child victim was brought to the courtroom for an explanation of how her testimony at trial would be conducted, [J.W.] observed the child state that she could not do it, did not want to see [Appellant] or the co-defendant and was afraid.
>
> The undersigned Judge also personally observed and questioned the child outside of the courtroom. It was observed that when the child began discussing the possibility of seeing [Appellant] and the co-defendant in the courtroom, that she began to physically tremble and was noticeably and repeatedly squeezing some kind of stress ball. Her hand was trembling so bad at one point that the undersigned judge asked to see it. Later, when discussing how the child would feel seeing [Appellant] and co-defendant in the courtroom with the sheriffs present, her leg began shaking particularly bad and it was noted on the record.

The undersigned [J]udge found the physical demeanor of the child, including the trembling and repeated squeezing of the stress ball, to be to an extent that it was distracting. Furthermore, the child stated that the prospect of seeing [Appellant] and the co-defendant face-to-face scares her and makes her nervous because she is afraid they will do something to her again. She stated that she feels this despite being reassured by her adoptive mother that it will not happen and that she is not going to reside with them again. The child's fear was strong enough that she thought about and found relief from the fact that there would be sheriffs present in the courtroom with her.

Based upon the evidence presented, particularly the observation of the child's physical demeanor when merely discussing the prospect of seeing [Appellant] and the co-defendant in a courtroom, it was determined that testifying in an open forum in the presence and full view of the finder of fact or in [Appellant's] presence would result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. That determination was pursuant to statutory authority and was not manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

Trial Court Opinion, filed 4/28/20, at 10-12 (citations to Notes of Testimony from April 29, 2019, omitted).

Clearly, in addition to considering the testimony Appellant cites out of context, the trial court also had the opportunity to both observe the child's demeanor and assess her state of mind in the scope of the entire circumstances surrounding the proceeding prior to rendering its decision. As this Court has stated:

Insofar as Appellant suggests that a child victim must essentially break down in [the trial court's] presence before permitting testimony by contemporaneous alternative method, we need not belabor the absurdity of this proposition given our legislature's clear policy expression in this regard. *See* 42 Pa.C.S. § 5981 (declaring the General Assembly's intent to provide special procedures as necessary in order to protect and to promote the

best interests of victims and material witnesses of this Commonwealth who are under 18 years of age during their involvement with the criminal justice system).

*Commonwealth v. Strafford*, 194 A.3d 168, 175 n.5 (Pa.Super. 2018).

Most importantly, Appellant has failed to show how the trial court's decision to allow the victim to testify via closed-circuit television either harmed or prejudiced her at trial. *See Lopez*, *supra*. Instead, Appellant baldly "contends that in allowing the contemporaneous testimony, the trial court abused its discretion and she must be granted a new trial." Brief for Appellant at 10.

To the contrary, the trial court based its decision on what it heard from the victim and her adoptive mother along with its own observations of the child as it was required to do under Section 5985. Such testimony, coupled with the trial court's stated observations, clearly supports a finding that Appellant's presence would have caused serious emotional distress and impaired the victim's ability to communicate in the courtroom.

Moreover, the trial court instructed the jury as to the manner in which the victim had testified as follows:

> As you know, witnesses presenting testimony during the trial are normally required to appear before you in person to present their testimony. The laws of Pennsylvania, however, permit testimony of young children to be taken in a setting other than the courtroom and presented through electronic means. This is what occurred with the testimony of [the victim]. This testimony is to be evaluated by you in the same way in which you will evaluate the testimony of other witnesses in the case.

N.T., at 563-63.

"The law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1184 (Pa. 2011).  The trial court's explanation in no way led the jury to believe that the victim was too frightened to testify in the courtroom or would otherwise be traumatized if required to do so; rather, it informed the jury to believe that this manner of testifying through closed-circuit television was not extraordinary.

In light of all the foregoing, we find Appellant's arguments to be unavailing and discern no error in the trial court's decision to permit the victim to testify via contemporaneous alternative method.

Judgment of Sentence Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/22/2021