J-S19040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WAYNE SUTHERLAND | : | |
| | : | |
| Appellant | : | No. 1257 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 28, 2020
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000092-2019

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 8, 2021**

Robert Wayne Sutherland (Sutherland) appeals from the judgment of sentence imposed in the Court of Common Pleas of Potter County (trial court) after his jury conviction of Corruption of Minors, Sexual Abuse of a Child and Endangering the Welfare of Children.[1]  He challenges the admission of a photograph of his wife, Autumn Sutherland, that he admittedly took, committing sexual abuse of their minor child, and the criminal complaint filed against her.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6301(a)(1), 6312(b)(2) and 4304(a), respectively.

We take the following factual background and procedural history from the trial court's January 7, 2021 opinion and our independent review of the certified record.

**I.**

On April 16, 2019, the Commonwealth filed an Information charging Sutherland with the above crimes for his participation in the sexual abuse of his five-year-old son with his wife, Autumn Sutherland. Sutherland's one-day jury trial occurred on September 29, 2020. As described by the trial court:

> The evidence at trial indicated that [Sutherland] took photographs of his wife, Autumn Sutherland while she was performing oral sex on their five year old son. In a separate proceeding, Mrs. Sutherland was convicted and sentenced for her role in the sexual assault against her son. She returned to [c]ourt from prison to testify against her husband.
>
> During examination of Autumn Sutherland, she was asked whether she made a statement which was contained in an Affidavit attached to the criminal complaint filed by Chief Bryan Phelps against [her]. She reviewed the Affidavit and acknowledged that it contained the statement she provided to Chief Phelps. The court allowed the Affidavit to be admitted into evidence over the objection of the defense. (**See** N.T. Trial, 9/29/20, at 18-20). Mrs. Sutherland testified concerning the facts contained in the Affidavit and was subject to rigorous cross-examination by the defense concerning her recollection of the events and as to the assertions in the Affidavit. Mrs. Sutherland's testimony generally mirrored that which was contained in her statement to Chief Phelps; however, she provided more detail of the sexual assault during her testimony.
>
> \* \* \*
>
> [Mrs. Sutherland also testified about a photograph Sutherland took of her sexually assaulting her son in their bedroom. During her testimony, the following exchange occurred:]

- 2 -

Q. Who is in this photograph?

A. It's me and my son.

Q. And what are you doing in this photograph?

A. I'm giving him oral.

Q. And how old is your son in this photograph?

A. He was about five.

Q. And you are obviously over the age of 18 at the time; is that right?

A. Yes.

Q. And can you tell us who took the photograph?

A. [Sutherland] did.

Q. And can you tell us where the photograph was taken at?

A. In mine and [Sutherland's] bedroom.

Q. And what address would that be at?

A. 34 Main Street, Roulette.

(*Id.* at 21-22).

Thereafter, the Commonwealth moved for admission of the photograph and the defense objected asserting that the witness had not said that the photo represented an "… accurate depiction of the events on that date." In response to the objection, the Commonwealth then queried the witness again.

Q. Mrs. Sutherland, is this photograph a true and accurate depiction of you performing oral sex on [the minor child] during a photograph that [Sutherland] took at 34 Main Street?

A. Yes.

(*Id.* at 22-23).

After Mrs. Sutherland indicated that the photograph was a "true and accurate depiction" the defense offered no further objection to the admission of the photograph [and it was admitted].

(Trial Court Opinion, 1/07/21, at 1-3) (record citation format provided).

Autumn Sutherland explained that she, Sutherland and the minor were the only people present, and that Sutherland took the photograph as he had on other occasions when she had fondled the child's genitalia at his suggestion and he had helped the child to penetrate her vaginally. Although she first stated on cross-examination that she did not remember the actual performance of the sexual act in question until she saw the photograph, she clarified that she did remember Sutherland pressuring her that day as he had on other occasions, and she stated that she gave in to his demands that day as she always did. (*See id.* at 20-21, 24-25, 27-28).

Chief Phelps testified that during an unrelated investigation of the Sutherlands, the police became aware that photographs were taken in the Sutherlands' home that could be considered child pornography. Sutherland contacted the police, advising them that he had a flash drive that he believed would aid in that investigation,[2] as well as the photograph that is the subject

_____

[2] Although the unrelated investigation was not clearly identified at trial, Sutherland filed a witness report when he turned over the flash drive to the police in which he stated that he provided it because it depicted a fight and his wife had accused him of choking her. (*See* N.T. Trial, at 40-41).

of this case, because he believed it was important that they see it. He claimed that upon arriving home from work, he snuck down the hallway of their double wide trailer, found Autumn Sutherland sexually assaulting their son, retrieved a camera and took the photograph without her knowledge. He maintained that the photograph was taken when the child was approximately five-years-old at the home he and his wife shared and that he did not give the photograph to the police sooner over concern he would lose his child. Based upon his investigation, which included interviewing Autumn Sutherland and her confirmation of the crime, visiting the home and his knowledge of Sutherland's large size, the officer "[a]bsolutely did not" believe Sutherland's version of events. (*See id.* at 38); (*see also id.* at 36-38, 40-41).

At the conclusion of trial, the jury convicted Sutherland of the above charges. On October 28, 2020, the court sentenced him to an aggregate term of incarceration of not less than forty-three nor more than ninety-six months. Sutherland timely appealed and he and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

On appeal, Sutherland challenges the admission of the photograph of Autumn Sutherland sexually assaulting the minor child and the criminal complaint against her.[3] (*See* Sutherland's Brief, at 6).

_____

[3] "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes

**II.**

**A.**

Sutherland argues that the trial court erred in admitting the photograph of Autumn Sutherland sexually abusing their minor son. He contends that she could not authenticate it since she could not recall the incident that it depicted. (***See id.*** at 21-23).

"[T]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Photograph evidence "must [] be properly authenticated by evidence sufficient to show that it is a fair and accurate representation of what it is purported to depict. Demonstrative evidence may be authenticated by testimony from a witness who has knowledge of what the evidence is proclaimed to be." ***Commonwealth v. Reid***, 811 A.2d 530, 552 (Pa. 2002), *cert. denied*, 540 U.S. 850 (2002) (citing 901(a), (b)(1)).

Here, the record belies Sutherland's argument. Autumn Sutherland expressly testified that the photograph introduced by the Commonwealth was a "true and accurate depiction" of her "performing oral sex on [their five-year-old son]" in the bedroom she shared with Sutherland. (N.T. Trial, at 22-23;

reversible error." ***Commonwealth v. Hudson-Greenly***, 247 A.3d 21, 24 (Pa. Super. 2021) (citation omitted).

*see id.* at 21, 24). She explained that she, Sutherland and the minor were the only people present, and that Sutherland took the photograph as he had on other occasions. Although she testified on cross-examination that she did not remember the actual performance of the sexual act until she saw the photograph of herself doing so, she did remember Sutherland pressuring her that day as he had on other occasions, and that she always gave in to his demands. The trial court admitted the photograph, noting that the Commonwealth laid a proper foundation where Autumn Sutherland, the subject of the photograph, testified that the photo accurately depicted the incident in question and any question of weight would be for the jury to determine. (*See id.* at 24-25, 27-28, 34).

We discern no abuse of discretion. Autumn Sutherland had first-hand knowledge of the incident and testified to the photo's authenticity. The Commonwealth provided sufficient evidence that the photograph was "a fair and accurate representation of what it [was] purported to depict" and it was for the jury to decide the weight to be afforded it due to any doubt created on cross-examination. *See Reid*, *supra* at 552. This issue lacks merit.

### B.

Sutherland also argues that the court erred in admitting the criminal complaint filed against Autumn Sutherland because the affidavit of probable cause supporting the complaint was hearsay where it contained a summation by the arresting officer, Chief Phelps, not Autumn Sutherland's own

statements. He maintains that the complaint did not qualify as a past recorded recollection exception to the hearsay rule because the Commonwealth failed to establish that Autumn Sutherland lacked an independent memory of the event detailed in the criminal complaint.[4] (**See** Sutherland's Brief, at 6, 16-21).

Hearsay is a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence "to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Pursuant to Rule 803.1(3), the recorded recollection of a witness is admissible as an exception to the hearsay rule if the recording:

> (A) is on a matter the declarant-witness once knew about but now cannot recall well enough to testify fully and accurately;
>
> (B) was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and
>
> (C) the declarant-witness testifies accurately which reflects his or her knowledge at the time when made.

Pa.R.E. 803.1(3). This exception only applies where the witness "lacks a present recollection of the event." **Commonwealth v. Young**, 748 A.2d 166, 177 (Pa. 1999) (citation omitted).

In this case, as explained above, Autumn Sutherland had a present recollection of the events, testifying with more detail at trial than in her past

---

[4] We observe that this is contrary to Sutherland's previous argument that his wife did **not** have a recollection of the subject event.

statement to Chief Phelps. As a result, the criminal complaint was not properly admitted under the recorded recollection exception to the hearsay rule. *See id.*

This does not end our inquiry, however, because we must determine if the admission of the evidence was harmless error.

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Burno*, 154 A.3d 764, 787 (Pa. 2017) (citation omitted).

Here, Sutherland told law enforcement that he took the photograph of Autumn Sutherland committing sexual assault on their child and provided Chief Phelps a flash drive containing it. Autumn Sutherland testified in detail about the abuse at issue, specifically stating that she was in the introduced photograph giving oral sex to her child and that, on other occasions, she had fondled the child's genitalia at Sutherland's suggestion and he had helped the child to penetrate her. She stated Sutherland also would watch and take pictures of these sexual acts. Sutherland's counsel thoroughly cross-examined Autumn Sutherland about the photograph and her testimony about the abuse. Chief Phelps also testified that Sutherland gave him the photograph depicting Autumn Sutherland performing oral sex on the minor child at their residence and that, at her police interview, Autumn Sutherland

identified herself in the photo and testified consistent with her trial testimony. Based on the evidence, Chief Phelps testified Sutherland's version of events was inconsistent with the evidence and that he did not believe it.

Based on the foregoing, the uncontroverted evidence of Sutherland's guilt was overwhelming, and any harm caused by the admission of the criminal complaint was *de minimus* and any prejudice insignificant. Accordingly, the admission of the criminal complaint was harmless error. ***See Burno***, ***supra*** at 787.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2021