J-S40044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANISHKUMAR PATEL | : | |
| | : | |
| Appellant | : | No. 1610 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 30, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001772-2022

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JULY 17, 2024**

Manishkumar Patel appeals from the judgment of sentence that was imposed following a jury trial in which he was found guilty of indecent assault of a person less than thirteen, corruption of a minor, and unlawful contact with a minor.[1] The lower court correspondingly sentenced Patel to a term of incarceration amounting to nine to twenty-four months, less one day, to be thereafter followed by three years of probation. Patel was further adjudicated a Tier III sex offender and subject to lifetime registration requirements. *See* 42 Pa.C.S. § 9799.23. On appeal, Patel exclusively contests whether the court erred in permitting the child victim to testify against him via a contemporaneous alternative method. *See* 42 Pa.C.S. § 5985(a). Following

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S. § 3126(a)(7), 18 Pa.C.S. § 6301(a)(1)(i), and 18 Pa.C.S. § 6318(a)(1), respectively.

review, we remand this matter for the limited purpose of allowing the lower court to correct the sentencing order but affirm Patel's judgment of sentence in all other respects.

Briefly, as gleaned from the record, Patel was a maintenance employee at a Staybridge Inn and Suites hotel. The victim, who was eleven years old at the time, was staying at this hotel with her grandmother. While on her way back from purchasing a soft drink from the hotel's lobby, Patel grabbed the victim's arm and kissed her on the mouth in the hotel's stairwell. Patel then thanked the victim and indicated something to the effect that he would see her next time. After that, the victim proceeded to walk up the stairs and, distraught by the situation, conveyed to her grandmother what had happened. Ultimately, the grandmother called the police, who proceeded to conduct interviews and review the hotel video surveillance leading up to the incident. Although the video did not capture what had happened in the stairwell, it showed Patel looking at the victim, entering the stairwell just before her, and then a few minutes later, coming out of the stairwell by himself.

Prior to trial, the Commonwealth filed a motion that sought an *in camera* hearing for the court to determine whether the victim could testify by contemporaneous alternative method. After extensive questioning of both the victim and the victim's mother, the court granted the Commonwealth's motion. Following a one-day trial in which the victim testified by way of video in another room, a jury convicted Patel of the three aforementioned crimes.

After sentencing, Patel filed a post-sentence motion, which resulted in a

clarification, by further order of court, that his sentencing order was to include a total time credit of 210 days for pre-trial time he had spent incarcerated.[2] Patel then filed a timely notice of appeal and, too, submitted a timely concise statement of errors complained of on appeal.

On appeal, Patel challenges the court's allowance of testimony from the victim via a contemporaneous alternative method. *See* Appellant's Brief, at 4. Patel believes that allowing this testimony was either an abuse of discretion or error of law. *See id*.

We begin by noting our well-settled standard of review:

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error.

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Hudson-Greenly*, 247 A.3d 21, 24 (Pa. Super. 2021) (some quotation marks and citations omitted).

Of import here:

The Sixth Amendment to the United States Constitution provides:

_____

[2] The initial sentencing order reflected that he would be credited for 175 days of time served.

- 3 -

"In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..." Article 1, Section 9 of the Pennsylvania Constitution provides: "In all criminal prosecutions the accused hath a right ... to be confronted with the witnesses against him ...."[2] With regard to the Confrontation Clause, the Pennsylvania Constitution provides a criminal defendant with the same protection as the Sixth Amendment[.]

> [2] The Pennsylvania Constitution previously required "face to face" confrontation, and under such provision, the use of videoconferencing [ ] to present testimony was found to be unconstitutional. ***See Commonwealth v. Ludwig***, 594 A.2d 281 (Pa. 1991). The Pennsylvania Constitution was amended in 2003, removing the "face to face" language.

***Commonwealth v. Atkinson***, 987 A.2d 743, 745 & n.2 (Pa. Super. 2009) (citation and footnote omitted) (some citation formatting altered).

Section 5985 dictates the circumstances under which a court may order the taking of a child victim's testimony through a contemporaneous alternative method:

> **(a) Contemporaneous alternative method.**—Subject to subsection (a.1), in any prosecution or adjudication involving a child victim [ ], the court may order that the testimony of the child victim [ ] be taken under oath or affirmation in a room other than the courtroom and transmitted by a contemporaneous alternative method. Only the attorneys for the defendant and for the Commonwealth, the court reporter, the judge, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the child victim [ ], including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his testimony. The court shall permit the defendant to observe and hear the testimony of the child victim [ ] but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective defense. Examination and cross-examination of the child victim [ ] shall proceed in the same

manner as normally permitted.

**(a.1) Determination.**—Before the court orders the child victim [ ] to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence *will result in the child victim* [ ] *suffering serious emotional distress that would substantially impair the child victim's* [ ] *ability to reasonably communicate*. In making this determination, the court may do all of the following:

    (1) Observe and question the child victim [ ], either inside or outside the courtroom.

    (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim [ ] in a medical or therapeutic setting.

42 Pa.C.S. § 5985(a), (a.1) (emphasis added).[3]

In refuting the notion that a child victim is required to demonstrate some specific degree of emotional distress before a court can allow contemporaneous alternate method testimony, we have stated:

Insofar as Appellant suggests that a child victim must essentially break down in [the trial court's] presence before permitting testimony by contemporaneous alternative method, we need not belabor the absurdity of this proposition given our legislature's clear policy expression in this regard. *See* 42 Pa.C.S. § 5981 (declaring the General Assembly's intent to provide special procedures as necessary [ ] to protect [the child victim] and to promote the best interests of victims and material witnesses of

---

[3] We note that "[f]ew published decisions address § 5985, and those that do have not announced a standard for reviewing the trial court's decision. In [*Commonwealth v. Torres–Kuilan*, 156 A.3d 1229, 1231-32 (Pa. Super. 2017)], this Court employed the principles of statutory construction to determine whether the Commonwealth's proffer complied with § 5985's terms." *Commonwealth v. Tyrrell*, 177 A.3d 947, 952 (Pa. Super. 2018) (citation omitted).

this Commonwealth who are under 18 years of age during their involvement with the criminal justice system).

*Commonwealth v. Strafford*, 194 A.3d 168, 175 n.5 (Pa. Super. 2018).

With these precepts in mind, Patel avers that "[t]he evidence presented at the *in camera* hearing … was insufficient to meet the [serious emotional distress] standard defined by the statute." Appellant's Brief, at 10. Patel then illuminates five pieces of authority in which this Court and/or our Supreme Court found the evidence to be satisfactory to allow each case's child victim to provide testimony via a contemporaneous alternative method. *See id*., at 12-13. Distilling those cases down, which featured clear examples of child victims exhibiting distress at the prospect of providing in-person testimony, *see, e.g.*, *Hudson-Greenly*, 247 A.2d at 26, Patel does not believe that the court's determination, here, was sufficiently supported by the record. In particular, Patel argues that the child victim's *in camera* testimony established, simply, that she would be nervous testifying in court. Patel then concludes that "a mere showing of nervousness and discomfort does not meet the plain and ordinary meaning of serious emotional distress that would substantially impair the child victim's ability to reasonably communicate." Appellant's Brief, at 14-15.

First, we emphasize that Patel has not indicated any specific way in which he was handicapped at trial through the child victim testifying via an alternative method. Absent any specificity, it is unclear how he was either harmed or prejudiced as a result of the court's decision. Moreover, we note

that the trial court properly instructed the jury at trial that it was to evaluate the victim's testimony in the same manner as testimony given in court. *See* N.T., 2/8/23, at 184-85.

Second, Patel has failed to demonstrate that the evidence was insufficient for the court to find that the child victim would have suffered serious emotional distress, impacting her ability to communicate, should she have been called on to provide live testimony at his trial. Here, following examination of the victim and victim's mother, the court predicated its decision on both the statements that the victim and the victim's mother made, juxtaposing these statements against its own observations, which it was required to do under Section 5985. At the hearing, the child victim indicated that she "[p]robably wouldn't be able to" tell her story about what happened in front of the jury. N.T., 1/9/23, at 14. The child victim further indicated that she would be so nervous that she would be unable to explain everything that happened. *See id*., at 14-15. She also expressed nervousness just thinking about the prospect of providing in-person testimony. *See id*., at 15. The child victim said that her nervousness could cause her to laugh. *See id*. In total, the child victim explicitly stated that it would be a problem for her to tell her story in a courtroom setting. *See id*., at 16.

The child victim's mother expressed similar sentiments as the victim. She believed that if her "daughter had to testify in front of [Patel] in an open courtroom with other people present … [it would cause] her emotional trauma

or stress to the point where it may affect her ability to talk about it[.]" ***Id***., at 20. The child's mother reported that the victim had trouble sleeping, did not want to eat, and became very depressed after the incident, not wanting to talk to anybody. ***See id***., at 20, 22 (conveying, further, that some of the child victim's behaviors have gotten better as time progressed, but some negative manifestations had remained). In the mother's opinion, the child victim was trying to forget what had happened, not wanting to talk about it. ***See id***., at 20-21. Moreover, the child victim "has a very big problem with being around people [that] has gotten worse." ***Id***., at 22-23.

At the conclusion of the hearing, the trial court granted the Commonwealth's motion to present the victim's testimony via a contemporaneous alternative method, explaining that the victim would

> have substantial difficulty conveying what happened in a [courtroom] setting. She was visibly uncomfortable when [the court] described the layout of what the courtroom would look like. She started to fidget, and obviously [was] nervous about it. So [the court does not] want to have some experiment where [it] put[s] her in there to see if . . . it would just be normal nervousness. [T]he [victim's] mother clearly indicated that it would be difficult for her as well.

***Id***., at 28.

Through an extensive review of the child victim's testimony as well as the testimony of the victim's mother, there is clear support for the court's finding that providing in-person testimony would have caused the victim serious emotional distress to such an extent that it would have impacted her ability to reasonably communicate what had happened. ***See Commonwealth***

***v. Lamont***, 308 A.3d 304, 311-12 (Pa. Super. 2024) (affirming grant of motion for testimony via contemporaneous alternative method where testimony of victim and victim's mother established that victim withdrew from sports and activities after indecent assault incidents, victim would be nervous and uneasy testifying in front of defendant, and victim likely would not be able to "tell what happened" if she testified in court). Therefore, we discern no error or abuse of discretion in its decision to permit the child victim to testify via a contemporaneous alternative method and affirm Patel's judgment of sentence.

Notwithstanding our affirmance of Patel's judgment of sentence, our review of the record has uncovered a problem in his sentencing order, implicating the legality of his sentence. ***See Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa. Super. 2020) (issues relating to the legality of a sentence may be raised *sua sponte* by an appellate court). As written, corresponding with his unlawful contact with a minor conviction, Patel was sentenced to a term of incarceration "for not less than 9 months with a maximum not to exceed 24 months, less one day[.]" Sentencing Order, 5/30/23, at 1 (unpaginated). As to indecent assault of a person less than thirteen, Patel was sentenced to "probation for a period of three … years[.]" ***Id***. This sentence was ordered to "run concurrent" to the term of incarceration. ***Id***., at 2 (unpaginated). For corruption of minors, Patel was sentenced to one year of probation, ordered to "run concurrent" to the other two sentences. ***Id***.

Therefore, the sentencing order indicates that Patel's probationary terms are to run concurrently with his carceral term.[4]

Pursuant to 42 Pa.C.S. § 9721(a), sentences including orders of probation and total imprisonment, among other sentencing alternatives, may be imposed "consecutively or concurrently." On prior occasions, however, when we have been confronted with situations where imprisonment and probationary terms have been imposed concurrently, we have ruled that the resulting combined service of these terms is incompatible, resulting in an illegal sentence. In **Commonwealth v. Basinger**, 982 A.2d 121, 127 (Pa. Super. 2009), we noted: "No section of the Sentencing Code contemplates imprisonment as an element of a probationary sentence; probation is in fact a less restrictive alternative to imprisonment directed at rehabilitating the defendant without recourse to confinement during the probation period." In **Commonwealth v. Allshouse**, 33 A.3d 31, 36 (Pa. Super. 2011), **overruled on other grounds by Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), we stated: "[W]e find no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and term of state incarceration simultaneously."

_____

[4] In addition to the sentences that were imposed at each offense, the court imposed an additional three-year term of probation, consecutive to his other sentences. **See** Sentencing Order, 5/30/23, at 3 (unpaginated). The imposition of this probation term was mandatory under SORNA. **See** 42 Pa.C.S. § 9718.5(a).

As our prevailing caselaw prohibits concurrent terms of imprisonment and probation, we must remand for the lower court to rectify Patel's sentencing scheme and to ensure that an illegal sentence has not been imposed.

Judgment of sentence vacated. Case remanded for correction of sentencing order. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  7/17/2024