J-S41041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL COASEY | : | |
| | : | |
| Appellant | : | No. 1568 EDA 2024 |

Appeal from the PCRA Order Entered April 24, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003266-2022

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 2, 2025**

Darrell Coasey ("Coasey") appeals *pro se* from the dismissal of his first petition pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for the appointment of PCRA counsel, the filing of a new PCRA petition, and a PCRA evidentiary hearing.

As set forth in Coasey's January 26, 2023, guilty plea, the facts of the underlying convictions are as follows:

> On or about February 26th of 2022, Falls Township Police Department responded to the New Falls Motel located . . . in Bucks County[.] At that location, officers found Curtis Bucci [("the victim")], who was clearly deceased at that time, and it was presumably from a drug overdose.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

An autopsy was performed by Dr. Hood[2] a few days later who determined that [the victim] had died as a result of fentanyl and Xylazine toxicity.

Monique Murdza ["Ms. Murdza"], who was at the scene as well on February 26th of 2022, . . . would testify that on February 25th of 2002, she and [the victim] arranged to purchase drugs, specifically dope and crack, from Shari Abend and . . . Coasey.

Ms. Murdza made contact with Shari Abend and [Coasey] on the evening of February 25th outside of the New Falls Motel. [Coasey] was driving the vehicle and Shari Abend provided the drugs to Ms. Murdza in exchange for money.

The drugs Ms. Murdza received included a small amount of crack[] cocaine and a bundle of dope in wax baggies stamped in red with the words ["]COVID-19.["]  Some of those baggies were recovered from Ms. Murdza on the 26th of February and were sent to NMS Labs, which concluded that they contained both fentanyl and xylazine.

Ms. Murdza would testify that she handed [the victim] multiple [sic] of those bags [o]n the evening of February 25th and the morning of February 26th, and that [the victim] did snort the contents of those bags.

On the morning of February 26th, [the victim], after using one of the ["]COVID-19["] bags, laid down on the bed.  Ms. Murdza would testify that he began to have difficulty breathing, which is consistent with the beginning of suffering an overdose. [The victim] did not get up after that, and ultimately Ms. Murdza realized that he had died, which prompted her to call 911.

On February 26th of 2022, Monique Murdza cooperated with the Falls Township [p]olice and Bucks County [d]etectives[] [and] set up a controlled purchase of drugs from Shari Abend and [Coasey].  Shari Abend and [Coasey] met with Ms. Murdza in the . . . pizza shop next to the New Falls Motel.

Ms. Murdza and [Coasey] were under surveillance by police during this controlled purchase.  [Coasey] was driving the vehicle

_____

2 Dr. Hood's first name does not appear in the record.

and Ms. Abend was in the passenger seat and provided the drugs to Ms. Murdza.

[Coasey's] vehicle was stopped shortly thereafter and [Coasey] and Ms. Abend were arrested. The drugs provided to Ms. Murdza during that transaction were recovered and included a small amount of crack[ ]cocaine and a bundle of fentanyl marked with the red stamp ["]COVID-19["]. NMS did confirm the presence of fentanyl and xylazine in those baggies as well.

Ms. Abend provided a statement to police[] which detailed drug deals between herself and [Coasey] with Ms. Murdza. She indicated [Coasey] would provide the heroin and fentanyl – heroin/fentanyl during those transactions and she provided the crack[ ]cocaine. She indicated that she . . . and [Coasey] would have met with Ms. Murdza in either the day or the day before her interview, which occurred in the late hours of February 26th.

A cellphone belonging to [Coasey] was recovered, which showed communications in the month of February 2022[,] related to drug transactions, with specific mention of the red stamp of ["]COVID-19["]. Ultimately, it was determined from interviews and phone evidence, specifically location data, that Shari Abend and [Coasey] conspired to drive from their home in New Jersey to Falls Township to prove the ["]COVID-19["] wax baggies filled with fentanyl/xylazine to Monique Murdza, who, in turned shared the baggies with [the victim], who died as a result of using them. [Abend and Coasey] made that trip to Falls Township on February 25th of 2022.

N.T., 1/26/23, at 16-20.

In January 2023, while represented by John Han, Esquire ("trial counsel"), Coasey pled guilty to conspiracy to commit drug delivery resulting in death ("DDRD"), and DDRD. The court imposed the negotiated plea agreement of seven to twenty years of imprisonment, which fell within the standard range of the sentencing guidelines. *See* N.T., 1/26/23, at 14, 25-28.

Coasey did not file a direct appeal, but in November 2023, filed a *pro se* PCRA petition. The PCRA court appointed Bonnie-Ann Brill Keagy, Esquire ("PCRA counsel"), who subsequently filed a petition to withdraw and a letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*). In March 2024, the court sent Coasey a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 and granted PCRA counsel's petition to withdraw. Coasey did not respond to the Rule 907 notice.

On April 24, 2024, the PCRA court dismissed Coasey's petition and notified him of his right to appeal and the time in which to do so. Coasey, who is incarcerated, filed a notice of appeal hand-dated May 16, 2024, and received by this Court on May 31, 2024.[3]

On appeal, Coasey raises seven issues for our review:

I.) Did [PCRA counsel] provide[] ineffective assistance for failure to raise ineffectiveness o[f] trial counsel []?

II.) Did the PCRA court err[] and dismiss[] [Coasey's] (timely) PCRA without a hearing and appoint[ing] ineffective . . . counsel in [PCRA counsel]?

III.) Did trial counsel . . . provide[] ineffective assistance and did not file a timely appeal to [this] Court after [Coasey] requested him to do so . . . because [Coasey] was unhappy with the sentence and how this case went?

IV.) Did [trial counsel] provide ineffective assistance . . . by failing to challenge [Coasey's] sentence . . . for conspiracy?

---

[3] Because Coasey appears to have complied with the prisoner mailbox rule, under which a prison is deemed to have timely filed an appeal when he timely delivers it to prisoner authorities for mailing, **see** Pa.R.A.P. 121(f), we decline the PCRA court's invitation to find Coasey's claims waived.

V.)     [Is Coasey] entitled to counsel on appeal of [his] 1ˢᵗ PCRA?

VI.)   Did witnesses recant[] their testimony and [trial counsel] was ineffective for failing to impeach these witnesses?

VII.)  Did the Commonwealth withh[o]ld evidence violating **Brady** [**v. Maryland**, 373 U.S. 83 (1963)]?

Coasey's Brief at 5 (issues reordered).

We review ineffectiveness claims under the following standard:

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Further, a "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Williams**, 141 A.3d 440, 452 (Pa. 2016) (internal citations omitted).

Generally, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not

chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Smith*, 995 A.2d 1143, 1151 (Pa. 2010) (internal citation omitted).

To establish *per se* ineffectiveness for failure to file a direct appeal, a defendant must prove he asked counsel to file a direct appeal. *See Commonwealth v. Markowitz*, 323 A.3d 706, 715 (Pa. Super. 2011). A defendant is entitled to a PCRA hearing when he asserts a dispute issue of material fact which, if resolved in his favor, would have entitled him to relief. *See Commonwealth v. Baumhammers*, 92 A.2d 708, 726 (Pa. 2014).

Coasey's first three claims assert PCRA counsel was ineffective for failing to review the case file thoroughly for instances of trial counsel's alleged ineffectiveness, the PCRA court appointed an ineffective PCRA counsel, and trial counsel was ineffective for failing to file a requested direct appeal because Coasey did not receive the sentence of five to ten years of imprisonment trial counsel told him he would receive in exchange for pleading guilty. *See* Coasey's Brief at 8-10.

The PCRA court found Coasey waived his claims of PCRA counsel's ineffectiveness by not raising them at the earliest possible opportunity, i.e., in a response to the PCRA court's Rule 907 notice. **See** PCRA Court Opinion, 8/7/24, at 6. Relying on the assertions in PCRA counsel's **Finley** letter, the court found trial counsel told PCRA counsel Coasey never requested an appeal and PCRA counsel saw no notations in the file that Coasey had sought to withdraw his plea or request an appeal. **See id**. at 8. The PCRA court additionally stated the issues Coasey wanted to raise on appeal following his guilty plea were not appealable and/or meritless. **See id**. The court also found Coasey had been advised of his appellate rights. **See id**. at 9-10.

We are compelled to vacate. Coasey timely asserted on appeal that PCRA counsel was ineffective for failing to assert plea counsel was ineffective for failing to file a direct appeal he requested. **See Commonwealth v. Bradley**, 261 A.3d 381, 401-405 (Pa. 2021). Further, Coasey's claim he asked plea counsel to file a direct appeal raises a disputed issue of material fact that cannot be resolved by PCRA counsel's contrary assertion and compels a remand and the appointment of counsel to permit Coasey the opportunity to prove his claim at an evidentiary hearing. **See Baumhammers**, 92 A.2d at 726; **Markowitz**, 323 A.3d at 715. **See also Commonwealth v. McGarry**, 172 A.3d 60, 71 (Pa. Super. 2017) (finding that a PCRA court erred in dismissing without a hearing an appellant's claim he asked his plea counsel to file a direct appeal).

Coasey additionally asserts trial counsel was ineffective for failing to impeach recanting witnesses and the Commonwealth withheld information in violation of **Brady**. **See** Coasey's Brief at 10-11.

The PCRA court addressed these claims together including an alleged post-plea statement in which Ms. Murdza allegedly expressed regret at having supplied evidence against Coasey. The court rejected the claims because Coasey offered no formal statement in which Ms. Murdza had recanted her testimony and Coasey knowingly pled guilty to the charged offenses. **See** PCRA Court Opinion, 8/7/24, at 11-12.

We agree with the PCRA court that Coasey is not entitled to a hearing on these additional claims. By pleading guilty, Coasey waived any claims, including impeachment, that do not concern jurisdiction, the voluntariness of his plea, or the legality of sentence. **See Commonwealth v. Adams**, 327 A.3d 667, 669 (Pa. Super. 2024). Regarding **Brady**, Coasey fails to identify the "photos, videos" and other evidence allegedly withheld from him and refers to "2 corrupt cops." **See** Coasey's Brief at 11. He does not provide evidence to support his assertion, or explain what role, if any, the officers played in his case, or what evidence concerning the alleged corruption was withheld from him. We decline Coasey's implied invitation that we serve as his counsel and develop his claim. **See Commonwealth v. Hudson-Greely**, 247 A.3d 21, 23 n.2 (Pa. Super. 2021). **See also Bradley**, 261 A.3d at 402

(providing appellate court may dispose of newly raised ineffectiveness claims where the record before the appellate court is sufficient).

For the foregoing reasons, we vacate the trial court's order denying PCRA relief and remand for the appointment of PCRA counsel and the filing of a PCRA petition asserting Coasey's claim plea counsel was ineffective for failing to file a direct appeal. The PCRA court shall then conduct an evidentiary hearing and determine whether Coasey requested plea counsel file a direct appeal. If the court determines no such request was made, it may deny Coasey's petition; if it finds Coasey did make that request, his direct appeal rights shall be reinstated.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2025